Case 5:08-cv-00068-FPS-JSK Document 1 Filed 03/04/2008 Page 1 of 4

Exhibit 1A

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUN 26 2008
JAMES N. HATTEN, Clerk
By: Deputy Clerk

FILED
MAR 04 2008
U.S. DISTRICT COURT
ELKINS WV 26241

(1)

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY BENDER
Inmate no. 53437-004
Petitioner,

V.

5:08cv68

Federal Bureau of Prisons, United States Penitentiary Hazelton, Warden's Office, SIA Antonelli, Unit Manager Pulice, Case Manager Davis, Safety Manager Heikkinen, and other unnamed BOP employees
Respondents;

---

Emergency petition (2nd filing) related to imminent and immediate danger. Executing a sentence under these conditions of confinement is in violation of the constitution. Therefore, represents a violation of my civil rights.

---

I placed an emergency petition in the mail last Sunday. I mailed that petition to Atlanta's District Court, to forward to the Northern District of West Virginia's court. I did this, because I did not possess a mailing address, for the Northern District of West Virginia. I'm including with this petition, a list of evidentiary attachments, that were

(2)

supplied with that twelve page petition.

I'm hopeful that both that petition, and this one, will reach the court. Should that happen, these petitions are intended to represent the same case.

The urgency of my situation, I believe needs to be considered. Supplying the court with the BP-229 Administrative Remedy Request, and supporting exhibits, I provided to USP Hazelton's Warden's office, seems appropriate. Their lack of a response, is telling. I believe the court will be able to properly infer relief, through the Administrative Remedy process, is not forethcoming to me.

At this point, I believe that I should let the evidence I'm supplying the court, make my legal arguments for me. I could attempt to cite case law, such as Swafford v. Mandrell and Butler v. Dowd. I could attempt to lecture the court on how the Bureau of Prisons (BOP), has completely corrupted the Administrative Remedy process, in violation of the Prison Litigation Reform Act. I could attempt to lecture the court on executive policy statement 5270.07 of the BOP. Then I could apply these governing authorities to my situation.

I believe I am asking a great deal of the court, considering all of the material I am presenting. Expounding on it all, and attempting to frame a viewpoint, that I believe the court should take, is not what I wish to do.

I do believe it is imperative, that the court take notice, of the totality of my situation. I am being transferred from one United States Penitentiary (USP) to another, I am a prime target for assault, and I am not being

afforded protection. The BOP is actively working at creating fraudulent documentation, that justifies (or atleast attempts to), my being assaulted, or even murdered.

Their records reflect I'm not requesting protective custody. When their correctional officers announce I am a "baby raper" and "child molester", to other penitentiary inmates, they create documents that say I was saying these things, and therefore targeting myself for assault. They have documented I have had suicidal ideations, even though I have never once expressed such a thought, in nine years in the BOP. They document I have a personality disorder. This is not based on any testing approved by the American Psychological Association, but simply by a correctional worker writing it down.

The fact I am asserting my right to protective custody, and do not have a death wish, is countered by official DOJ/BOP records. They are purposefully, and actively working, to make me unsafe, in an artistic, systematically designed fashion, that they believe can be justified, by creating fraudulent DOJ/BOP records.

Please take notice of the fact USP Hazelton's Warden's Office, improperly ordered the material I provided them, when they stapled it. The one 8.5 X 11 attachment page, goes with the BP-229, and should be before the table of contents and evidentiary exhibits, not after the table of contents. Also they shuffled the order of my written request to staff members, that went unanswered. They refer to my evidence of attempts at resolving the situation, through written request to

(4)

staff members, as continuation pages stating my case.

Look at paragraph one of exhibit 200 (They placed it out of order as the 2nd exhibit, rather than first.) This is clearly evidence of my written request to SIA Antonelli dated 2/4/08 (He read it in my presence!) not continuation pages to a BP-229 I filed on 2/18/08. I'm not going to waste the court's time citing other similar examples. The respondents believe they can refuse to provide me adequate official BOP Inmate Request to Staff Member forms, then refuse to answer any and all written documentation I present to staff members. When I write to staff members requesting they do their job properly, the requests need to be taken (and responded to), at face value. When they purposefully do their jobs improperly, that is beyond my control. It does not turn my written requests to staff members, submitted as evidence in support of a BP-229, into "continuation pages stating your [my] case." My good faith efforts, need to be viewed, in the light in which they were presented. Likewise, their bad faith efforts, need to be seen for what they are.

I will be greatful for the court's attention and consideration in this matter. I continue to pray for intervention from the court that reflects the spirit of our founding principles of God and country.

Sincerely,

3/1/08

Jeremy Bender

Jeremy Bender

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 21, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
HAZELTON USP

TO : JEREMY BENDER, 53437-004
HAZELTON USP UNT: A QTR: Z05-159UAD
P.O. BOX 450
BRUCETON MILLS, WV 26525

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 483261-F1 ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED : FEBRUARY 21, 2008
SUBJECT 1 : ADMINISTRATIVE DETENTION - REQUEST PLACEMENT FOR PROTECTION
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE LETTER-SIZE (8.5 X 11) PAPER. TEXT ON ONE SIDE. THE TEXT MUST BE LEGIBLE.

REMARKS : YOUR ATTACHMENTS ARE CONTINUATION PAGES STATING YOUR CASE. YOU MAY ONLY INCLUDE ONE CONTINUATION PAGE.

received
Febuary 28, 2008
Jeremy Bender
Jeremy Bender

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bender, Jeremy (LAST NAME, FIRST, MIDDLE INITIAL) | 53437-004 (REG. NO.) | SHU (UNIT) | Hazelton USP (INSTITUTION)

**Part A– INMATE REQUEST** I am filing this complaint at my first available oppurtunity. Since being informed on 2/5/08 my request for protective custody was not being honored, I continually attempted to obtain a BP-229 form one was not provided to me until 2/18/08. I have continually requested legal copies in order to provide documentation of my written request to staff members as well. My complaint relates to my request for protective custody in accordance with policy statement 5270.07 not being honored. This is not an isolated incident involving mere negligence. This is part of a pattern of BOP officials failure to respond or act reasonably in light of a particular threat of danger, by placing me in holding cells, SHU cells, and recreation cages, with general population inmates, at one USP after another, and even giving me direct orders to leave the SHU and go out to the compound with the general population at large. It is part of a pattern of conditions and practices that creates a danger to my safety by maintaining obstacles to being provided protective custody at one USP after another. There is a direct connection between what BOP officials are doing or are not doing, and harm that has occurred to me, and is likely to occur again. I've been moved from one BOP facility to another 15 times in 24 months, and designated to 7 different penitentiaries. That puts me on pace for roughly 25 more stops and 11 more penitentiaries during the time remaining on my sentence.
The fact SIS departments, Unit Teams, and Warden's offices, all over the country, in every region, are doing this, means my issue can not be resolved locally.

2/18/08 [see attachment page] — DATE

Jeremy Bender — SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
FEB 21 2008

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 483261-F1

CASE NUMBER: ____________

**Part C– RECEIPT**

Return to: ____________ LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ____________

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

Previously Submitted

Placed in mail 2/24/08

# Evidentiary Attachment

emergency petition to Northern District of West Virginia

A. BOP Central Office / BOP Southeast Regional Office
Administrative Remedies

B. Motion / Evidentiary Exhibit
Northern District of Georgia
Administrative Remedies
BOP Coleman / BOP Region / BOP Central Office

C. Evidentiary Documents
USP Hazelton

D. Intended Motion for Northern District of Georgia
New evidentiary exhibit for Northern District of West Virginia

E. Motion to reconsider the denial of my certificate of appealability
United States Court of Appeals Eleventh Circuit

F. Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241
Northern District of Georgia

Evidentiary Attachment BP-229 denying request for protective custody in violation of BOP Policy 5270.07

Table of Contents

200 SIA Antonelli 2/4/08
203 SIA Antonelli 2/5/08
205 Unit Manager Pulice 2/10/08
206 Case Manager Davis 2/10/08
209 Duty Officer, (Safety Manager Heikkinen) 2/15/08
210 Case Manager Davis 2/16/08
212 Officer in Charge (SHU #1) 2/18/08

denying request for protective custody in violation of BOP policy 5270.07

BP-229

# Attachment Page

inmate # 53437-004

BOP Central Office needs to take the initiative to change it's training practices in order to make all of their employees understand, refusing to acknowledge request for protective custody in intake, refusing to provide detention orders confirming the request, classifying inmates requesting protective custody as general population inmates at SHU reviews, refusing to provide and process BP-229's in accordance with BOP policy and the Prison Litigation Reform Act, and most importantly, exposing vulnerable inmates to assault risks, is not going to be tolerated.

BOP Central Office needs to change the practice of training employees to work at creating fraudulent records that reflect an inmate is refusing to program, when they know that inmate requires protective custody.

2/18/08

Jeremy Bender
Jeremy Bender

The four copies you require of this page and evidentiary attachments were supplied on ________

200 2/4/08

(1) Hazelton

SIA Antonelli,

I want to start this correspondence by saying I appreciate your time and attention. Please understand I am writing to you not because I desire to create issues, but because I wish to resolve existing issues. I believe if someone in your position was willing to persue remedying the situation, rather than perpetuating the cycle, others may be willing to sign off on it. I'm hopeful that someone such as yourself, in the spirit of professionalism, and respect for the rule of law, would consider my individual circumstances, and investigate to see if anything can be done.

At this point, I'm determined to plead my case to higher authorities. Be it the Attorney General, federal courts, and/or members of the Senate Judiciary Committee. I have no desire to go from USP to USP documenting deliberate indifference and wreckless disregard for my health and safety. The fact is, judicial precedent, legislative decree, and executive policy, clearly establish what I am experiencing violates the law. Therefore, I am unwilling to accept I must continue to endure a systematically designed program of abuse.

When I was processed into your facility I was exposed to the risk of assault. A native American inmate that was processed out of Coleman with me, was processed into Hazelton with me. The day before I left Coleman an inmate on my range spent hours hollering out that my cellmate was a rapist, and that I was a "dicksucking pedophile". Over 100 inmates and over a half a dozen staff members could hear this. The knowledge

that I was the "dicksucking pedophile" he was referring to, did exist with some of the inmates processed out of Coleman with me. I complained in writing to both the SHU Lieutenant, and my range officer, that SIS needed to be made aware of this targeting of me for physical and sexual assault. Furthermore, I complained that the orderly they had placed in the cell with me was pressuring me to engage in sexual activity. That orderly told me, that staff members had told him, that I was a sexually deviant homosexual. It was therefore the staff members assertions that caused that orderly to desire me as a submissive sexual partner, and the staff members that facilitated his ability to gain access to me to persue his desires.

Why is it both on the compound, and in the SHU at Coleman, I was placed in cells with inmates that aggressively pressured me to engage in sexual activity? When I say aggressively, I mean these people physically came into my personnal space and put their hands on me, when I asked them not to. Why is it when I complained in writing to Lieutenants about both of these situations nobody from SIS even spoke to me? The primary reason people in situations such as mine experience a cycle of physical and sexual abuse, is because inmates have come to believe it is condoned by Bureau of Prisons Staff.

I believe it is appropriate to raise specific issues about my safety being jeopardized when I was placed on the compound at Coleman. I understand I allowed my safety to be jeopardized at Coleman by being willing to go out to the compound twice. I want it to be made clear on the record via this

correspondence to your SIS department, I will never again do that at any United States Penitentiary in the BOP.

During my first stint on the compound at USP II Coleman I witnessed a violent assault in my unit. The victim of the assault was an inmate that was filing suit against the BOP related to a prior assault. The assault at Coleman II was solicited directly by an inmate who went by the name "Big Country". Big Country had a working relationship with the SIS Department as a "reliable source" asset. Big Country told an inmate named "Billy" that the inmate who was the victim of the assault, deserved to be assaulted because he was a child sex offender. While I was in the SHU, I listened at my door, as the Captain stated, that he was aware Billy had committed the assault at the request of Big Country.

When I was being processed out of the SHU (only a couple of days ~~[illegible]~~ after hearing the Captain make those comments) I learned Big Country was one of the inmates relied upon as a "reliable source", to determine that I should be placed back on the compound a second time.

When I was placed back on the compound I was placed in a Unit that had one cell occupied by a white inmate that had an open bunk in it. (I therefore was obligated to move into that cell at the insistence of the white inmates in that unit.) I learned I was the third inmate in a week to be placed in that cell, they and that the other two had been run off of the compound by the Cadre of white inmates that surrounded that cell (They were pulling up inmates cases to "Check their paperwork" on the

computer system in the inmate law library.)

It quickly became apparent to me that I had been placed in a situation in which my life was in danger. For some reason SIS did not speak with me about the inmate that confronted me armed with a knife either. I guess someone could choose to believe that the SIS department was ignorant of the situation they placed me in. I however believe it was intentional.

While at USP Coleman both 1 and II, I filed Administrative Remedies (BP-229's) requesting proper medical diagnosis and treatment. My first request was returned to me backdated as being rejected 21 days prior. I filed a 2nd request. Despite written correspondence between myself and the Warden of federal Correctional Complex Coleman acknowledging the content of the request, along with his assertion it was being investigated and would be responded to, it was never returned to me. When I learned the 2nd request had been entered into SENTRY as not being legible, I filed a third request. I sent a copy of that BP-229 to the Regional Director for the Southeast Region, along with a letter. That 3rd request was not acknowledged by Coleman's Warden, or the Regional Director, nor was it entered into SENTRY. If I submit requests to the Warden, and Regional Director, about serious violations of the rule of law, and ~~those~~ they refuse to acknowledge those requests, it needs to be recognized that the BOP has been so corrupted, that it's highest authorities are knowing participants in serious violations of federal law.

Jeremy Bender

2/4/08 Jeremy Bender

203 ① Hazelton 2/5/08

SIA Antonelli,

Today an officer came to my door and asked, "Are you going to the compound." I answered, "No." I inquired for clarity sake the next time he came on the range, was I on the list to go to the compound, and was I being ordered to the compound. He told me I had been cleared to go to the compound at the SHU review, but it was up to me whether I went out or not.

I'm concerned about less than accurate records being created by SIS and my Unit Team, as I've experienced a pattern of that happening at one USP after another.

Within seconds of first being exposed to a handful of inmates here at Hazelton USP, I was identified by an inmate familiar with my being charged with child pornography, and being a target for assault.

When I came to the SHU I was escorted onto a range to be placed in a cell. The inmate objected to my being placed in his cell. The staff spent a couple of minutes trying to coax him into taking me as a cellmate, even after he told them he was going to assault me if they placed me in his cell.

I was placed in another cell on another range. The orderly came to my door a couple of days later and told me his cellmate remembered me and my situation from another institution. This means your orderly working this SHU knows I am charged with child pornography. That inmate has access to every inmate that comes in and out of your SHU. It is ludicrous to believe I was identified within seconds of

being seen by a handful of inmates on one range in your SHU, but wouldn't be identified by 1000 inmates on your compound.

It is not safe for me to go to your compound, because I will be targeted for assault due to the nature of my charge. Should I have chosen to accept the determination of your staff, that I should be released to your compound, it would have placed my life in danger.

I don't want an inaccurate record to be created that reflects it has been determined that it is safe for me on your compound, and recommended I go to the compound to program. Thus reflecting it is me that is creating my own problems, by refusing to program. The reality of the situation is going to your compound, and attempting to program, would result in my being assaulted, or possibly even killed.

If the BOP designates me to a compound that I could remain in population without my life being in danger, I would go to the compound and program. Due to the reality of my situation, no United States Penitentiary that I am aware of, is going to be safe for me to go to general population. That means the BOP is not affording me the opportunity to program in a general population environment, not that I am unwilling to.

I believe it needs to be understood by federal law enforcement officers, that when you conduct a SHU review to determine whether an inmate should be released to your general population, it isn't some kind of paperwork game. It is a serious responsibility involving a human life.

Knowingly classifying an inmate as safe for general population when they require protective custody, jeopardizes their safety in the SHU, as well as on the compound. I believe anyone that would hold the sacred oaths of federal law enforcement to their highest standards, would view intentionally exposing somebody to assault risks, as a form of criminal negligence.

Let's be clear here. I am requesting protective custody in accordance with BOP policy statement 5270.07. I would like to know the status of any threat assessment done by your SIS department. Jeremy Bender

Jeremy Bender 2/5/08

205

2/10/08

(1)

Unit Manager Pulice,

I spoke to you at my door on Thursday. I appreciate the professionalism you exhibited when speaking to me. I see in my handbook that you were a Unit Manager here going back to 2 1/2 years ago. I'm hopeful you will see fit to work with me to resolve existing issues. There are two issues I feel I must continue to persue aggressively, that is deliberate indifference to serious medical needs and reckless disregard for my safety by exposing me to assault risk. This also means I feel obligated to aggressively advocate for myself in accordance with the PLRA and BOP Policy.

I know I don't need to lecture you about what the inmate handbook says, BOP policy, etc. I don't believe I have to explain to you the purposeful subversion of policy that goes on in the BOP either. I only ask that you please respect what is required I do under the rule of law.

I ask that you please make sure I am provided 3 BP9's (one related to not acknowledging my request for protective custody in intake screening and clearing me as a general population inmate at my first SHU review) (the second related to deliberate indifference to serious medical needs) (the 3rd related to being refused Administrative Remedy forms for issues that threaten my health and welfare, as well as being more than 48 hours after I attempted written and verbal informal resolution of those issues)

At this point I've become quite the realist. I expect

Case 5:08-cv-00068-FPS-JSK Document 1-9 Filed 03/04/2008 Page 2 of 3



to be transferred from one USP to another while continuing to have deliberate indifference and reckless disregard shown for my health and welfare. I'm not willing to accept I am in the wrong for requesting staff members follow the laws they are sworn to uphold, and documenting when they do not.

I remain hopeful that you will be willing to work with me to properly address my legitimate concerns. I apologize if anyone takes my position as a lack of respect for authority. It actually is the opposite, it is a respect for the true spirit the Department of Justice is suppose to embody.

I request that you please try to assist me with the following issues: (1) I be given a program review with my Unit Team. That hasn't happened in two years. I will be writing to the Case Manager about specifics I would like included in my program review (2) I be provided continuous access to all of the official BOP forms I require (I currently need, 3 BP229's, 3 BP230's, and 3 BP231's, a couple of informal resolution forms, and a bunch of Inmate Request to Staff Member forms) (Remember I need to do Inmate Request to Staff Member forms in triplicate; the request to staff that goes unanswered; the evidence copy for Administrative Remedy; My copy which must be copied and submitted to federal court) (3) I am provided an Administrative Remedy Generalized Retrieval (4) I am provided legal copies both now and in the future.

Of course there is the larger underlying issues. You don't need to lie to me or, "Tell me what I want to hear."

③

I'm a big boy and I can take the truth. Besides, nothing personnal, but I will not believe you anyway. Put it in writing and sign it if you intend to do what you tell me. For what it is worth, I value my word and sense of integrity, I'll always be honest and respectful with you.

I thank you for your time and consideration.

Sincerely, Jeremy Bender

Jeremy Bender

2/10/08

206

(1)

2/10/08

Case Manager Davis,

I'm looking to establish open, honest, and productive communication. I want the focus to be on the present and the future. It needs to be understood by you that I have experienced a pattern of purposeful misconduct by Unit Team personnel at my past six designated institutions. They lie to me, tell me one thing and do another, deceive me, and as a whole intentionally execute their jobs in a counterproductive fashion. It is reasonable that I want to work with you to change that pattern. All I desire is for you to work with me, not against me, in accordance with executing BOP policy, as it was intended to be.

I would like to start by being pulled out of my cell for a Unit Team program review. I want to give my input on my goals, and what I see as requiring my attention to best facilitate my needs and objectives. Such as my position that it is not safe for me in general population at any United States Penitentiary, and therefore I need to assert my right to be provided protective custody in accordance with policy statement 5270.07, at any USP I am sent to, and at the holdover facility in Atlanta if I am sent there. If my Unit Team members disagree, and believe I should attempt to go to general population and program, the difference in our position should be reflected in my program review paperwork, and signed by both myself and my Unit Team. I believe my primary focus needs to be placed on advocating for my right to be kept safe from assault risk, and provided adequate medical care in accordance with the guidelines

established by the Prison Litigation Reform Act of 1996. Again, I would like this included in my program review, if my Unit Team objects, it should be noted. A more ~~generan~~ general goal of something along the lines of; Continue to persue personal growth of mind and spirit through intellectual exercise, and knowledge based learning, I believe should be included as well.

Nothing would please me more than including specific goals about working with my Unit Team to be placed in specific programs, or facilities, that would allow me to program in the general population, be safe from assault risk, and have the opportunity to receive proper medical care.

Understand, I have been experiencing Unit Team members tell me they know it is not safe for me at any United States Penitentiary, they show me sheets with my points calculated as a medium security inmate with no management variable, and tell me I'm being transferred to an FCI. I believe they then generate paperwork that reflects I'm refusing to program, etc., etc., and justify sending me to another penitentiary.

I don't want to get into the more serious allegations of staff misconduct, but it goes as far as intentionally facilitating my being assaulted. Not on an isolated occassion involving mere negligence. But rather, a pattern of repeatedly doing things such as soliciting inmates to assault me, and providing the opportunity to do it. Usually it is a more subtle approach of simply making sure an awareness exist that I am targeted for assault

in the environment, placing me in areas where other inmates have access to me, then not properly documenting and investigating ~~the~~ assaults when they occur.

I am going to provide a copy of a motion to reconsider the denial of my certificate of appealability. I request that you, my Unit Manager, and anyone else you deem appropriate review it. As God as my witness, it is a true reflection of the facts of my criminal case, for which I am currently serving 14 years in prison. What I would like for you to personalize, is the realization of the harm that can be done when government employees become so blinded by a broader (often righteous) agenda, that they see fit to create inaccurate historical records, across the board, to better accomplish their goals.

I ask that you please consider my individual circumstances, judge me on the content of the character I exhibit, and deal with me in an honest, professional fashion. I'm not asking you to tell me what you think I want to hear. I only want to hear what is true.

Thank you for your time and consideration.

Sincerely, Jeremy Bender

Jeremy Bender

2/10/08

Case 5:08-cv-00068-FPS-JSK Document 1-11 Filed 03/04/2008 Page 1 of 1

209

2/15/08
From: Jeremy Bender
53437-004

Duty officer, (Safety Manager Heikkinen)

I spoke with you on Wednesday 2/13/08, Thursday 2/14/08, and now today on 2/15/08. The first day I told you about my requesting protective custody, but my request was not being acknowledged or granted. I further complained about my being refused BP-229 forms for issues that threaten my immediate health and welfare. I had these conversations with you, knowing as the duty officer, you are a designated liaison for the Warden's Office.

I don't wish to focus on your assertions that as long as I was in the SHU I didn't require my request for protective custody to be granted, or your assertion a BP-8½ request for informal resolution is a part of the PLRA and Administrative Remedy process I am required to do in lieu of the actual process that is officially documented.

I requested that as duty officer, you bring my situation to the attention of the Warden's Office, and see that I am provided the 3 BP-229 forms that I require for (1) Having my request for protective custody not be acknowledged or honored (2) Deliberate indifference to serious medical needs (3) Being denied my request for Administrative Remedy BP-229 forms, creating another obstacle to obtaining protective custody status, and exhibiting further deliberate indifference and reckless disregard for my health and safety.

To this point, you haven't been of any assistance. Regardless, I thank you for your time, and remain hopeful you will assist in resolving these most serious issues.

Sincerely, Jeremy Bender
Jeremy Bender

From: Jeremy Bender
53437-004

210

Case Manager Davis,

① I require legal copies for a current case pending in federal court. I need 6 copies of each document. [*One document is two sided, the rest are single sided*]

② I need 3 BP-229 forms ① Being denied protective custody ② Deliberate indifference to serious medical needs ③ Having my request for BP-229 forms denied when the issues involved threaten my immediate health and welfare.

I have other needs as well. However, I don't wish to burden you. You have been the one Unit Team member I have seen make a consistent, once a week round, on Sunday morning 2/3/08 and 2/10/08. I suspect you will make a round this Sunday 2/17/08, as well.

Sincerely, Jeremy Bender
Jeremy Bender

2/16/08